```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x

HOPETON OVERTON BROWNE
p/k/a SCIENTIST,
                                        03 Civ. 7696 (MGC)
            Plaintiff,
                                        OPINION
    - against -

GREENSLEEVES RECORDS, LTD.,
TAKE-TWO INTERACTIVE SOFTWARE,
INC., and ROCKSTAR GAMES, INC.,

            Defendants.

--------------------------------x
```

**Cedarbaum, J.**

This is an action for damages and injunctive relief arising principally under the United States Copyright Act, 17 U.S.C. 101 *et seq.*, and section 43 of the Lanham Act, 15 U.S.C. 1125. Plaintiff settled his claims against defendants Take-Two Interactive Software, Inc. and Rockstar Games, Inc. On the eve of trial, the remaining defendant, Greensleeves Records, Ltd. ("Greensleeves"), moved to dismiss for lack of subject matter jurisdiction.

Greensleeves' attorney, Louis S. Ederer, contends that this court is without subject matter jurisdiction to entertain a suit between Browne, a Jamaican national, and Greensleeves, a United Kingdom corporation. Specifically, Mr. Ederer argues that:

> [w]hile it is clear that the federal court[s] cannot entertain a suit between two aliens based upon diversity jurisdiction, it is not entirely clear whether the same rule applies to a case involving rights arising under the U.S. Copyright Act, i.e., where the jurisdictional basis is a federal question. Specifically, Greensleeves could locate no case where a court denied a motion to dismiss an action between two aliens because the jurisdictional basis was a federal question. Accordingly, it is respectfully suggested that the Court examine this issue, and if it believes that [there is no subject matter jurisdiction,] it should dismiss this action..."

Defendant's Memorandum of Law at 12.

The Judiciary Act of the United States, 28 U.S.C. § 1331, provides as follows: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Every member of the Bar of this Court is expected to read the Judiciary Act before moving to dismiss for lack of subject matter jurisdiction. Moreover, every member of the Bar of this Court is expected to examine the law conscientiously and not to abdicate that important duty to his client by delegating it to the Court. This frivolous motion is denied.

SO ORDERED.

Dated: New York, New York
April 27, 2005

S/_____
MIRIAM GOLDMAN CEDARBAUM
United States District Judge