UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x

HOPETON OVERTON BROWNE
p/k/a SCIENTIST,

        Plaintiff,

- against -

GREENSLEEVES RECORDS, LTD.,
TAKE-TWO INTERACTIVE SOFTWARE,
INC., and ROCKSTAR GAMES, INC.,

        Defendants.

---------------------------------x

03 Civ. 7696 (MGC)

Memorandum Opinion
and Order

**Cedarbaum, J.**

Greensleeves Records, Ltd. ("Greensleeves") moves for recovery of attorney's fees pursuant to 17 U.S.C. § 505.[1] Browne moves to vacate or reduce an award of costs granted to Greensleeves. As discussed below, Greensleeves motion is denied, and Browne's motion is denied in part and granted in part.

### I. Greensleeves' Motion

As 17 U.S.C. § 505 makes clear, the decision of whether to award attorney's fees is within the discretion of the district court. The statute provides that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this

---

[1] Although Greensleeves, in its Notice of Motion, asks "for leave to file an application for the recovery of Greensleeves' attorneys' fees," I treat that Notice as a motion for the recovery of attorneys' fees.

title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."

The Supreme Court has made it clear that prevailing defendants and plaintiffs are to be treated alike when determining a fee award. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Furthermore, the Court rejected the idea that attorney's fees should be awarded as a matter of course. Id, 510 U.S. at 533.

The Supreme Court has cited several factors that may be used in determining whether to grant attorney's fees to a prevailing party in a copyright action. Frivolousness, motivation, objective unreasonableness, and the need to advance considerations of compensation and deterrence can all be proper inquiries to the extent that they are used to advance the purposes of the Copyright Act. Fogerty, 510 U.S. at 534 n.19.

As the Second Circuit has noted, "objective reasonableness is a factor that should be given substantial weight in determining whether an award of attorneys' fees is warranted." Matthew Bender & Co., Inc. v. West Pub. Co., 240 F.3d 116, 122 (2d Cir. 2001). Furthermore, "the imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." Id.

In the copyright context, "the courts of this Circuit have generally concluded that only those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable." Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd., 2004 WL 728878 at *3(S.D.N.Y April 26, 2004). Browne's action against Greensleeves was not such a case. Browne's arguments were tenable enough to reach a jury and also to convince the other defendants in the action to settle. The reasonableness of Browne's action is a strong factor weighing against an award of attorney's fees.

Furthermore, Greensleeves has not persuasively argued any other reason for imposing the requested fees. Browne's action was not frivolous and was not commenced in bad faith or with some other improper motivation. Greensleeves states that it was selling Browne's recordings under other circumstances for the past 22 years. Greensleeves further asserts that the fact that Browne did not complain until recently is evidence of his bad faith. Browne, however, may have had perfectly legitimate reasons for not pursuing his potential claims earlier. In fact, Browne advanced several reasons for bringing this particular action and not others, including his philosophical objection to

2

the video game in which his music was being used. The Copyright Act does not obligate potential copyright holders to litigate every infringement in order to preserve future challenges.

For many of the same reasons that Browne's action was not objectively unreasonable, it was also not frivolous. The complicated legal and factual disputes involved experts on both sides, and the fact that other defendants settled demonstrates the seriousness of the action.

For the foregoing reasons, Greensleeves' motion for attorney's fees is denied.

## II. Browne's Motion

Greensleeves submitted a bill of costs to the judgment clerk in accordance with Local Rule 54.1, and was awarded $14,616.10 for service and witness fees as well as transcript and deposition costs. Browne moves to vacate that award or, alternatively, to have it reduced.

As previously noted, 17 U.S.C. § 505 gives the district court discretion in awarding costs for copyright actions. Furthermore, 28 U.S.C. § 1920 also gives the district court the power to tax costs under certain circumstances. Brown argues that costs should be denied entirely based primarily on Greensleeves' overreaching and alleged violations of the Federal Rules of Civil Procedure. Greensleeves' application to the judgment clerk was for $35,376.32. The judgment clerk reduced that award to $14,616.10. Greensleeves' application was not so grossly overreaching as to deserve punitive denial of all costs which would otherwise be granted. Furthermore, the alleged violations of the Federal Rules did not add to the amount which Greensleeves will now recover. Accordingly, Browne's motion to vacate the award of costs is denied.

Alternatively, Browne moves to reduce the judgment clerk's award. Greensleeves was granted $370 in subpoena/service fees. Those costs include $160 for a subpoena of Michael Veal and $135 for a subpoena of Gary Kitchen. Both Mr. Veal and Mr. Kitchen were plaintiff's expert witnesses. Under the circumstances of this case, serving subpoenas for depositions on opposing party experts was unnecessary. For this reason, the judgment clerk's award of $370 for service fees is reduced by $295 to $75.

The judgment clerk also allowed Greensleeves a total of $4,698 in witness fees. Of that amount, $1,461 was allocated for Lloyd James and $3,237 was allocated for Chris Cracknell. The fees allocated to Mr. James included $717 for economy airfare, $704 for two-days' subsistence, and a $40 appearance fee. These costs are taxable under 28 U.S.C. § 1920 and are affirmed. The fees allocated for Chris Cracknell included $381 for airfare, $2,816 for eight-days' subsistence and a $40 appearance fee. Mr. Cracknell, however, only testified for part of one day.

3

Furthermore, he is a partner at Greensleeves and sat with counsel for opening and closing arguments. His role at the trial does not justify taxation of the cost of subsistence for eight days or an appearance fee. For Mr. Cracknell's single day of testimony, Greensleeves is awarded the cost of his airfare and one-day's subsistence. The $3,237 award is therefore reduced by $2,504 to $733. The total award for witness fees to which Greensleeves is entitled is $2,194.

The judgment clerk allocated $5103.72 to Greensleeves for the cost of trial transcripts. The United States Code authorizes taxation of the costs of "copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Greensleeves argues that these transcripts were necessary for opening and closing arguments as well as to read back testimony to the jury. The transcripts, however, were a convenience rather than a necessity. Greensleeves had two competent lawyers present throughout the relatively short trial who were capable of taking notes if notes were needed for opening and closing arguments. Furthermore, although Greensleeves' trial transcript may have been read to the jury, the jury was able to receive this information from other sources. Because the transcripts were not "necessarily obtained for use in the case," the judgment clerk's allocation for trial transcripts is disallowed.

Finally, the judgment clerk awarded Greensleeves $4,444.38 for the cost of deposition transcripts. Local Rule 54.1(c)(2) provides that the cost of a deposition transcript and one copy may be taxable if it is "used or received in evidence at trial." Although Browne contends that none of the depositions were received into evidence at trial, all of the witnesses for which the judgment clerk granted costs testified and all of their depositions were "used at trial." Browne also argues that Greensleeves is not entitled to costs for copies of depositions taken by Browne. Local Rule 54 does not make this exception. Accordingly, the judgment clerk's award of $4,444.38 for deposition transcripts is affirmed.

Conclusion

For the foregoing reasons, Greensleeves' motion for attorney's fees is denied. Browne's motion to vacate the judgment clerk's award or to reduce the award is denied in part and granted in part. The total award taxed to Browne for Greensleeves costs is $6,713.38.

SO ORDERED.

Dated:   New York, New York
         October 21, 2005

S/ _____
MIRIAM GOLDMAN CEDARBAUM
United States District Judge